Gail C. Lin (SBN 212334)
RAISNER ROUPINIAN LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com

Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTREPID STUDIOS, INC.,<br><br>Defendant. | CASE NO. '26CV0728 AGS JLB<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.,**<br><br>**(2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET. SEQ.,**<br><br>**(3) VIOLATION OF CALIFORNIA LABOR CODE § 201 ET. SEQ., and**<br><br>**(4) VIOLATION OF OHIO REVISED CODE §4113.15** |

Plaintiffs Jacob Burdecki and Zakary Strange ("Plaintiffs") allege on behalf of themselves and the putative class of those similarly situated as follows:

## NATURE OF THE ACTION

1. Defendant Intrepid Studios, Inc. is a company in the gaming and entertainment industry based in San Diego, California.

2. Plaintiffs and the other similarly situated former employees worked for Defendant until about February 2, 2026, when they were notified that they were terminated effective the next day.

3. Plaintiffs, along with an estimated 200 other similarly situated employees, were terminated without 60 days' advance written notice.

4. The employees were not paid for their final weeks of work.

5. The employees were not paid for their accrued paid time off (i.e., vacation).

6. Plaintiffs bring this action on behalf of themselves and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoffs, plant closings, or termination of a covered establishment ordered by Defendant on or about February 2, 2026 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the California Labor Code § 1400 *et. seq.* ("CAL-WARN Act").

7. Plaintiffs, on behalf of themselves and all similarly situated employees, seek to recover 60 days' wages and benefits, pursuant to 29 U.S.C. § 2104 and California Labor Code § 1402, from Defendant.

8. Plaintiffs, on behalf of themselves and all similarly situated employees, seek to be paid their accrued paid time off ("PTO") and unpaid wages for all employees.

9. Plaintiffs, on behalf of themselves and all similarly situated employees, also seek to recover under California and Ohio state laws for Defendant's failure to pay wages owed for their final weeks of work, unused paid time off, and to issue a final paystub, and waiting time penalties, for themselves and the other similarly situated employees.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 29 U.S.C. § 2104(a)(5).

11. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

12. The Court has jurisdiction over Defendant because it did business in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**THE PARTIES**

*Plaintiffs*

13. Plaintiff Jacob Burdecki was employed by Defendant as a Gameplay Engineer I and worked remotely and reported to, and received assignments from Defendant's facility located at 3721 Valley Centre Drive, Suite 200, San Diego, California (the "Facility") from January 2025 until his termination on or about February 2, 2026.

14. Plaintiff Burdecki is a resident of the state of Ohio.

15. Plaintiff Zakary Strange was employed by Defendant as a technical director and worked at Defendant's facility located at 3721 Valley Centre Drive, Suite 200, San Diego, California (the "Facility") from January 2025 until his termination on or about February 2, 2026.

16. Plaintiff Strange is a resident of the state of California.

17. Plaintiffs were both terminated without 60 days' written notice.

18. Plaintiffs were both terminated without cause.

19. On information and belief, an estimated 200 similarly situated former employees who worked at the Facility, as defined by the WARN Act and CAL-WARN Act (together, the "Facility"), were also terminated on or about February 2, 2026, without 60 days' written notice.

*Defendant*

20. Upon information and belief Defendant Intrepid Studios, Inc. is a California registered corporation with its headquarters in San Diego, California.

21. Upon information and belief, Intrepid Studios, Inc. was founded by John Moore and Steven Sharif in 2015 to create a company that produced video games and related products in the

entertainment industry.

22. Until on or about February 2, 2026, Plaintiffs and the similarly situated employees were employed by Defendant and worked at or reported and received assignments from the Facility.

23. Upon information and belief and at all relevant times, Defendant terminated Plaintiffs and the similarly situated employees on February 2, 2026.

24. Defendant failed to provide sixty (60) days' advance written notice (or any advance notice at all) to Plaintiffs and the similarly situated employees of their impending terminations.

25. Defendant failed to pay 60 days' wages and benefits to Plaintiffs and the other similarly situated former employees in lieu of 60 days' written notice.

## WARN ACT CLASS ALLEGATIONS Under 29 U.S.C. § 2104(a)(5)

26. Plaintiffs are aggrieved representative "person(s) authorized by Congress to "sue either for [themselves] or for other persons similarly situated, or both" by Congress. 29 U.S.C. § 2104(a)(5).

27. Plaintiffs bring this representative action on behalf of themselves and all other similarly situated former employees of Defendant who worked at or reported to the Facility and were terminated without cause beginning on or about February 2, 2026 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

28. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

29. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

30. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in Defendant's books and records.

31. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

32. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a) whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

   (b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice; and

   (c) whether Defendant paid the Class members 60 days' wages and benefits as required by the WARN Act.

33. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at or reported to the Facility and were terminated without cause on or about February 2, 2026, due to the mass layoffs ordered by Defendant.

34. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

35. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

36. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

37. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where the individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401**

39. Plaintiffs bring the Second Claim for Relief for violation of Labor Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or were assigned and reported to Defendant's Facility and were terminated without cause beginning on or about February 2, 2026 (the "CAL WARN Class")

40. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

41. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in Defendant's books and records.

42. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL-WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

43. Common questions of law and fact exist as to members of the CAL-WARN Class, including, but not limited to, the following:

    (a) whether the members of the CAL-WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the CAL-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL-WARN Act; and

(c) whether Defendant unlawfully failed to pay the CAL-WARN Class members 60 days wages and benefits as required by the CAL-WARN Act.

44. CAL WARN Class Plaintiff Zakary Strange's claims are typical of those of the CAL-WARN Class. The CAL WARN Class Plaintiff, like other WARN Class members, worked at or reported to one of the Facility and were terminated on or about February 2, 2026, due to the terminations ordered by Defendant.

45. CAL WARN Class Plaintiff Strange will fairly and adequately protect the interests of the CAL WARN Class. The CAL WARN Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

46. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL-WARN Class predominate over any questions affecting only individual members of the CAL-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL-WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual CAL-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

47. Concentrating all the potential litigation concerning the CAL-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL-WARN Act rights of all the members of the Class.

48.     The CAL WARN Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

## FEDERAL WARN ACT, U.S.C. § 2104 ET SEQ.

49.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

50.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

51.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a)(1).

52.     At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

53.     On or about February 2, 2026, and within 30 days thereafter, Defendant ordered mass layoffs and/or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

54.     The mass layoffs at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

55.     Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs ordered by Defendant at the Facility.

56.     Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

57.     Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

58.     Defendant failed to give Plaintiffs and the Class members written notice that

complied with the requirements of the WARN Act.

59. Plaintiffs, and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

60. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, incentives, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CALFORNIA WARN ACT LAB. CODE, § 1400 et. seq.

61. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

62. Plaintiffs bring the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facility and were terminated without cause on or about February 2, 2026 and within 30 days of that date (the "CAL-WARN Class").

63. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment.  A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary."

64. Upon information and belief and at all relevant times, Defendant was an employer of the CAL-WARN Class as that term is defined by Lab. Code § 1400(b) that directly or indirectly owned and operated at least one covered establishment in San Diego, California that employed several hundred employees.

65. Defendant violated CAL-WARN by terminating Plaintiffs' employment and the employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about February 2, 2026 or thereafter,  without

giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

66. As a result of Defendant's violation of Lab. Code § 1401, Plaintiffs and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALFORNIA WAGE LAWS:  LAB. CODE  § 203

67. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

68. Plaintiffs seek to recover under California state laws for Defendant's failure to pay wages owed for their final weeks of work, pay unused paid time off, and issue a final paystub. Plaintiffs also seek waiting time penalties for Defendant's failure to be pay earned wages upon termination.

69. Pursuant to Cal. Lab. Code §§ 201 and 227.3, upon the discharge of Plaintiffs and the other similarly situated former employees on February 2, 2026, their earned and unpaid wages, including unused vacation pay, became due and payable immediately.

70. In violation of Cal. Lab. Code § 203, Defendant failed to issue to Plaintiffs and the other similarly situated former employees their final paychecks, in full and itemized statements, upon discharging them from their employment on February 2, 2026.

71. Defendant, as an employer that willfully failed to pay in accordance with Cal. Lab. Code § 201 and 227.3, is liable to Plaintiffs and the other similarly situated former employees waiting time penalties of up to 30 days' wages. Defendant's failure to pay accrued vacation wages upon termination was willful.

72. Defendant's failure to pay accrued vacation wages upon termination represents a violation of Labor Code sections 201 and 227.3 (and IWC Wage Order 8) and as such those

wages continue as a penalty under Labor Code § 203.

73. Upon information and belief, Defendant exercised control over the workers' wages (including the decision over whether to pay out the vacation wages upon termination), hours, or working conditions, (b) suffered and permitted them to work, and/or (c) engaged them, thereby creating a common law employment relationship.

74. Plaintiffs will seek to certify a subclass of these similarly situated individuals to the extend necessary.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF OHIO WAGE LAWS: OHIO REVISED CODE § 4113.15

75. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

76. Plaintiffs seek to recover under Ohio state laws for Defendant's failure to pay wages owed for their final weeks of work, unused paid time off, and to issue a final paystub, and waiting time penalties, for themselves and the other similarly situated employees who worked in Ohio.

77. Pursuant to Ohio Revised Code § 4113.15, upon the discharge of Plaintiffs and the other similarly situated former employees on February 2, 2026, their earned and unpaid wages, commissions, bonuses, and unused vacation pay (unless a clear, written, enforceable policy for forfeiture of unused vacation exists), became due and payable by the next scheduled payday or within 15 days, whichever is later.

78. Defendant was also required, pursuant to Ohio law, to issue to Plaintiff Jacob Burdecki and the other similarly situated former employees their final paychecks, in full and itemized statements, upon discharging them from their employment on February 2, 2026, but failed to do so.

79. Defendant, as the employer that willfully failed to pay in accordance with Ohio Revised Code § 4113.15 and is liable to Plaintiff Burdecki and the other similarly situated former employees for damages and penalties.

80. Plaintiffs will seek to certify a subclass of these similarly situated individuals to the

extent necessary.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiffs and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4), California Labor Code § 1402(a), Ohio Revised Code § 4113.15, and all relevant state laws;

E. A judgment in favor of Plaintiffs and each similarly situated employee whose rights under Cal. Lab. Code §§ 201 and 227.3, for wages owed, including unused vacation, and waiting time penalties;

F. A judgment in favor of all similarly-situated employees for any unpaid wages and accrued vacation or paid time off benefits, under the laws of the respective states in which they worked prior to their termination on or about February 2, 2026.

G. Interest as allowed by law on the amounts owed under the preceding paragraphs;

H. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), Cal. Lab. Code § 1404, and all relevant state laws; and

I. Such other and further relief as this Court may deem just and proper.

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | DATED: February 5, 2026 | Respectfully submitted, |
| 3 |   | By: /s/ *Gail C. Lin* |
| 4 |   | Gail C. Lin (SBN 212334)<br>RAISNER ROUPINIAN LLP |
| 5 |   | 2945 Townsgate Road, Suite 200<br>Westlake Village, CA 91361 |
| 6 |   | Telephone: (212) 221-1747<br>Fax: (212) 221-1747 |
| 7 |   | Email: gcl@raisnerroupinian.com |
| 8 |   | Jack A. Raisner (*pro hac vice forthcoming*)<br>René S. Roupinian (*pro hac vice forthcoming*) |
| 9 |   | RAISNER ROUPINIAN LLP<br>270 Madison Avenue, Suite 1801 |
| 10 |   | New York, NY 10016<br>Telephone: (212) 221-1747 |
| 11 |   | Fax: (212) 221-1747<br>Email: jar@raisnerroupinian.com |
| 12 |   | Email: rsr@raisnerroupinian.com |
| 13 |   | *Attorneys for Plaintiffs and the other similarly situated former employees* |
| 14 |   |   |
| 15 |   |   |
| 16 |   |   |
| 17 |   |   |
| 18 |   |   |
| 19 |   |   |
| 20 |   |   |
| 21 |   |   |
| 22 |   |   |
| 23 |   |   |
| 24 |   |   |
| 25 |   |   |
| 26 |   |   |
| 27 |   |   |
| 28 |   |   |