Nicole N. Golob (SBN 190444)
E-Mail: ngolob@fisherphillips.com
FISHER & PHILLIPS LLP
21600 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

Rassa L. Ahmadi (SBN 287576)
E-Mail: rahmadi@fisherphillips.com
Keith R. Rossman (SBN 318189)
E-Mail: krossman@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
INTREPID STUDIOS, INC., RYAN OGDEN, AARON BARTELS, THERESA FETTE, ROBERT D. DAWSON, and TFE GAMES HOLDINGS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTREPID STUDIOS, INC., STEVEN SHARIF, RYAN OGDEN, AARON BARTELS, THERESA FETTE, ROBERT D. DAWSON and TFE GAMES HOLDING, LLC,<br><br>Defendants. | CASE NO.: 3:26-cv-00728-AGS-JLB<br><br>*US District Judge Andrew G. Schopler*<br>*Judge Magistrate Jill L. Burkhardt*<br><br>**TFE GAMES HOLDINGS, LLC 'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Complaint Filed: February 5, 2026<br>Trial Date: None set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

TFE Games Holdings, LLC ("TFE") is a Delaware Limited Liability Company ("LLC"), formed on December 29, 2025, with its principal place of business in Nevada. Declaration of Robert Dawson ("Dawson Decl.") at ¶2. TFE currently conducts no business in California, nor does it have any presence, assets, or employees in California—and it never has. *Id.* at ¶¶5, 11. In its very brief engagement of activity of approximately two (2) months, the only action TFE engaged in was to purchase the assets of Intrepid Studios, Inc.'s ("Intrepid") in a UCC Article 9 foreclosure sale to secure the collateral of one of Intrepid's secured creditors, Robert Dawson. *Id.* at ¶7. This foreclosure sale occurred in Nevada, and while the foreclosure sale was completed, the assets foreclosed on were ultimately never transferred to TFE, and the entire transaction was subsequently unwound. *Id.* at ¶9. As a result, the original debtor-creditor relationship between Dawson and Intrepid remains in place and TFE has no part in it. *Id.* at ¶10. As such, TFE never conducted business in California and is now just a shell entity that does not operate, has no employees, and has no assets anywhere—let alone California. *Id.* at ¶¶11-13.

Thus, the only "tie," if that, TFE had with the state of California was purchasing the assets of California entity in a foreclosure sale that took place in Nevada—assets which it never received and were ultimately reverted back when the transaction was unwound on or about March 4, 2026. *Id.* at ¶9. Thus, TFE "operated" for just two (2) months in its total existence. *Id.* During this time, TFE did not engage in any business, operations or hire any employees in the state of California. *Id.* Accordingly, nothing TFE has done would meet any of the tests for California to exercise personal jurisdiction over it. As such, the Court should grant this Motion.

### II. FACTUAL BACKGROUND

Without conceding the same, the factual allegations supporting the Second Amended Complaint (the "Operative Complaint") of Plaintiffs' Jacob Burdecki and Zacharay Strange (collectively, the "Plaintiffs") are that Robert Dawson, a secured creditor of Intrepid (a

startup gaming company), created TFE to acquire Intrepid's assets and shares through a UCC Article 9 foreclosure sale, as part of a plan to continue Intrepid's operations and development of the game *Ashes of Creation* through a new entity. *See generally,* Second Amended Complaint dated July 20, 2026 [Dkt 32]. They use those allegations to contend that TFE and Intrepid operated as a single employment enterprise, with TFE exercising de facto control over the layoffs, and therefore that TFE was an employer of Plaintiffs and other, purportedly similarly situated employees. *Id.* Plaintiffs also plead that TFE assumed Intrepid's employee-related liabilities as its successor through the foreclosure. *Id.* While TFE purchased the assets—not employees—of Intrepid through an Article 9 UCC foreclosure sale, it never received those assets or began any operations in the two (2) months that it stood in this role. *See* Dawson Decl. at ¶¶9, 11. Moreover, this transaction, which took place in Nevada, not California, was ultimately unwound leaving the purchased assets with Intrepid and TFE as a now empty, shell entity. *Id.* at ¶9.

Because the entire transaction took place outside of California, the only "connection," if any, that TFE could have to California is its purchase of assets that belonged to a California company through a sale that took place in Nevada. Moreover, and as stated above, TFE is a Delaware shell company with its principal place of business in Nevada. *Id.* at ¶13. As such, TFE had only extremely limited contact, if any, with California.

## III. DISCUSSION

### A. <u>California Lacks Personal Jurisdiction Over TFE</u>

A plaintiff has the burden of establishing that the court has personal jurisdiction over defendants. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). Personal jurisdiction refers to the court's power to render a judgment that either commands defendants' personal obedience or imposes obligations on the defendants that will be enforced by other courts. *Burnham v. Sup. Ct.*, 495 U.S. 604, 609 (1990). Federal courts have no broader power over a defendant than the state in which they sit. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Here, the Southern District

of California would have to interpret California's long arm statute, which for all practical purposes reaches as far as the U.S. Constitution. Cal. Civ. Proc. Code § 410.10; *Rocklin De Mexico, S. A. v. Superior Court*, 157 Cal. App. 3d 91, 94 (1984).

Traditionally, three bases for the exercise of personal jurisdiction exist: (1) physical presence within a state; (2) domicile within a state; or (3) consent to answer in a state. *See Burnham v. Superior Court of California*, 495 U.S. 604, 610–19 (1990) (physical presence); *Daimler AG v. Bauman*, 571 U.S. 117, 127-128, 137 (2014) (domicile); *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 137–40 (2023) (consent). “For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least ‘minimum contacts’ with the relevant forum such that the exercise of jurisdiction ‘does not offend traditional notions of fair play and substantial justice.’” *Schwarzenegger*, 374 F.3d at 801 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

**1. Physical Presence**

While physical presence is a criteria reviewed for personal jurisdiction, the law remains unclear as to how a corporate defendant may be "physically present" in a state. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1068 (9th Cir. 2014) (“[T]ag jurisdiction exists only over natural persons who are physically present in a forum state”). TFE has such limited, if any, contact with California, it cannot be considered "physically present" under this test.

Specifically, TFE was formed in Delaware, and its principal place of business is in Nevada. It never operated or hired any employees, let alone operated or hired employees in California. Rather, TFE simply purchased the assets of a California company in Nevada with the intent to operate out of Nevada. *See* Dawson Decl. at ¶8. However, that transaction was ultimately unwound leaving TFE as a shell entity sitting in Nevada. This is not the "presence" required by the traditional "physical presence" analysis. Accordingly, TFE was not "physically present" in California, and the Court should instead apply the "minimum contacts" analysis traditionally applied under due process.

**2. Domiciled**

"For…a corporation [the exercise of general jurisdiction is]...one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853-54, 180 L. Ed. 2d 796 (2011) (citation omitted). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler AG*, 571 U.S. 137 (quoting Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L.Rev. 721, 728 (1988)). Its principal place of business is its "nerve center"—ordinarily, the headquarters where senior officers direct, control, and coordinate corporate activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Under this analysis, TFE would not be considered "domiciled" in California. As stated previously, TFE was formed in Delaware and never operated in or maintained employees in California. *See* Dawson Decl. at ¶5. Under the "place of operations" test, TFE has "substantial predominance of corporate operations," if it can even be called that, in Delaware. *See Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990). Similarly, under the "nerve center test" all of TFE's "operations" for the two (2) months it was to obtain Intrepid's assets occurred in Nevada. *Id.; see generally Hertz Corp.*, 559 U.S. 77. Accordingly, TFE is "domiciled" in Delaware and Nevada for purposes of analyzing personal jurisdiction.

**3. Consent**

Moreover, TFE has not consented to jurisdiction in California. A defendant may "consent" to personal jurisdiction within a state: (1) by voluntarily appearing in the action (*Backo v. Local 281, United Brotherhood of Carpenters and Joiners*, 308 F.Supp. 172 (N.D.N.Y.1969), *aff'd*, 438 F.2d 176 (2d Cir.1970), *cert. denied*, 404 U.S. 858, 92 S. Ct. 110, 30 L.Ed.2d 99 (1971).); or (2) by contract (*i.e.*, forum selection clauses) (*National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). TFE has not consented to personal jurisdiction by appearing in the action because they have not answered. No contract exists between TFE, Intrepid, and any of the Plaintiffs that establishes California

as the governing law so the Plaintiffs may not rely on contractual consent. Additionally, TFE's agent for process service is in Delaware; not California.

Accordingly, the traditional methods for exercising personal jurisdiction over TFE simply do not apply as it lacks the necessary contacts for a California court to confer jurisdiction. For example, in *DVI Inc. v. Sup. Ct.*, 104 Cal. App. 4th 1080, 1096 (2002), the court held that California lacked personal jurisdiction over a parent corporation even though it had two officers living in California and had an agent for process service available in California. Likewise, here, there was such limited contact with California (if it can even be referred to as "contact"), no court should exercise personal jurisdiction. The next test for personal jurisdiction is under TFE's due process rights analyzed under the "minimum contacts" analysis set out by *International Shoe v. Washington*, 326 U.S. 310, 316 (1945).

**4. Plaintiffs Will Not Be Able to Establish TFE Had "Minimum Contacts" With California**

As a matter of due process, personal jurisdiction over defendants who are outside the forum requires that it "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1386-87 (1999) (citing, *Int'l. Shoe Co.,* 326 U.S. at 316). Typically, it must appear that the defendants have "purposefully directed its activities at residents of the forum "such that he should reasonably anticipate being hailed into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). What constitutes sufficient "minimum contacts" depends upon the type of personal jurisdiction involved—general jurisdiction or specific jurisdiction. *Martinez*, 764 F.3d at 1068 ("*International Shoe* indicates that a corporation may be subject to personal jurisdiction only when its contacts with the forum support either specific or general jurisdiction.") (citing *International Shoe Co.*, 326 U.S. 310).

**a. General Jurisdiction**

In the context of general jurisdiction, minimum contacts are demonstrated by activities of a nonresident in the forum state which can be described as substantial,

continuous, and systematic, or extensive and wide-ranging. *Boaz v. Boyle & Co.*, 40 Cal. App. 4th 700, 717 (1995). In such circumstances, it is not necessary that the cause of action be related to the defendant's forum activities. The contacts must be considered "so wide-ranging that they take the place of a physical presence in the forum." *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434, 446 (1996), *cert denied*, *Washington Rest. Mgmt., Inc. v. Vons Companies, Inc.*, 522 U.S. 808, 118 S. Ct. 47, 139 L. Ed. 2d 13 (1997).

In making this determination, courts consider some of the following factors: whether the defendant makes sales, solicits or engages in business in the state, and whether such contacts are "substantial"—meaning an analysis of the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). A ***high level*** of contact with the forum state is required. *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) (emphasis added). Under those tests, TFE is still not subject to personal jurisdiction in California.

Even when a corporation has actual officers in California, and is registered to do business in California, the courts will still not exercise personal jurisdiction. *DVI* , 104 Cal. App. 4th at 1092. In *DVI*, plaintiff sought to sue a parent corporation of a subsidiary in California. *Id.* The parent corporation was incorporated in Delaware and had its principal place of business in Pennsylvania. *Id.* The only contact it had with California was that two of its officers resided in California, it was registered to do business in California, and it had an agent for process service in California. *Id.* The court held that the parent corporation lacked sufficient contact with California to exercise general personal jurisdiction. *Id.* at 1091.

The "contact" at issue here is more minimal. TFE was formed in Delaware, maintains a principal place of business in Nevada, and has no LLC members in California. *See* Dawson Decl. at ¶¶ 2, 5. It simply purchased the assets of a California company, which it never received, ultimately unwound, and did so from Nevada.

These "contacts," if even that, are far from sufficient for the Court to exercise

personal jurisdiction. This is especially true considering TFE's lack of longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets—or any market for that matter since it only "operated" for two (2) months and is now a shell entity. *Tuazon*, 433 F.3d at 1172. Thus, TFE had close to zero, if any, economic impact in California, had no corporate presence, and fully operated out of Nevada.

Because TFE is not subject to "general jurisdiction," or jurisdiction based on its constructive presence in the state, the inquiry will then turn to whether, as part of the underlying facts, California may exercise "specific" jurisdiction over TFE.

**b. Specific Jurisdiction**

By contrast, even where nonresident defendants do not have substantial, continuous and systematic contacts with the state, it still may be subject to the specific jurisdiction of the forum, if the defendant has "purposefully availed himself or herself of forum benefits" and "the controversy is related to or arises out of a defendants' contact with the forum." *Shisler v. Sanfer Sports Cars, Inc.,* 146 Cal. App. 4th 1254, 1259, 53 Cal. Rptr. 3d 335, 337 (2006) (internal citations and quotations omitted). As identified by the California Supreme Court, "[t]he crucial inquiry concerns the character of defendants' activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and interests of the state in assuming jurisdiction." *Cornelison v. Chaney*, 16 Cal.3d 143, 148 (1976).

Even entering into a contract with a resident of a forum state does not, by itself, confer jurisdiction between the alien and forum state. *Gray & Co. v. Firstenberg Machinery* Co., 913 F.2d 758, 760 (9th Cir. 1990). In determining whether a defendant availed itself to the forum state through entering a contract with a resident in the forum state, the court should consider the Parties' prior negotiations, contemplated future consequences and terms of the contract, including any choice of law provisions and the parties' actual course of dealings. *Burger King Corp.*, 977 F.2d at 983.

As a preliminary matter, the Operative Complaint does not identify or attach any

written contracts between any of the Plaintiffs and TFE or even Intrepid and TFE. There are, of course, no such written contracts. *See* Dawson Decl. at ¶12. Further, there are no oral contracts between any of the Plaintiffs and TFE or Intrepid and TFE. *Id.* In fact, a close reading of the Operative Complaint demonstrates that the transactions which are the subject of the Operative Complaint were truly with persons and entities other than TFE.

TFE never had any direct contacts or dealings with the Plaintiffs in any capacity or with any of Intrepid's employees (the purportedly similarly situated persons that Plaintiffs seek to represent). TFE simply purchased Intrepid's assets in a foreclosure sale (a sale that is not at issue in this case), and it did not purchase or hire any of Intrepid's employees through this sale. Indeed, it never had any employees at all or even truly operated. *Id.* at ¶¶ 5, 11, 13. Moreover, as discussed above, the foreclosure sale took place in Neveda—and the assets purchased were ultimately never received by TFE and were reverted back to Intrepid, leaving TFE as a shell entity.

Accordingly, there is no specific jurisdiction conferring jurisdiction of courts in the State of California over TFE.

**c. Even If Minimum Contacts Could Be Established, Which It Cannot, It Would Be Unreasonable to Exercise Personal Jurisdiction Here**

If it is established that a defendant has the requisite minimum contacts in California (which cannot be established here) whether under general or specific jurisdiction, the burden shifts to the defendants to demonstrate that the exercise of jurisdiction would be unreasonable. *Vons*, 14 Cal. 4th at 449 (citing *Burger King Corp.,*471 U.S. at 476-477).

It would be entirely unreasonable for California to assert jurisdiction over TFE for a host of reasons, including: (1) it was formed in Delaware and maintains its principal place of business in Nevada with little to no connection with California; (2) TFE's only connection to this case is the allegation that it maintains the assets of Intrepid, which it does not; and (3) it is no longer in operation, and instead sits as an empty, shell entity with no assets or employees in California or anywhere.

As such, forcing TFE to litigate this suit in California would be unreasonably inconvenient and unfair. TFE never anticipated or availed itself to California and should not be forced to defend a suit which it is not a part. Forcing it to prepare a defense when it has no actionable ties to the lawsuit would be excessively expensive and unfair, especially considering it is an empty, shell entity, never received the assets it purchased through a foreclosure sale of a California company, and to which all those assets reverted back to the California company anyway. For these reasons, personal jurisdiction, if even found, would be unreasonable, here, and the Court should dismiss Plaintiffs' suit as to TFE because California lacks personal jurisdiction over it. Therefore, forcing it to litigate here would be manifestly unfair.

## IV. CONCLUSION

For the foregoing reasons, California lacks personal jurisdiction over Defendants and Plaintiffs Complaint should be dismissed as to TFE.

Dated: August 19, 2026

FISHER & PHILLIPS LLP

By:________________________

Nicole N. Golob
Rassa L. Ahmadi
Keith R. Rossman
Attorneys for Defendants
INTREPID STUDIOS, INC., RYAN OGDEN, AARON BARTELS, THERESA FETTE, ROBERT D. DAWSON, and TFE GAMES HOLDINGS, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 21600 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On August 19, 2026, I served the following document entitled **TFE GAMES HOLDINGS, LLC 'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Gail C. Lin<br>RAISNER ROUPINIAN LLP<br>2945 Townsgate Road, Suite 200<br>Westlake Village, California 91361<br>Telephone: (212) 221-1747<br>Facsimile: (212) 221-1747<br>E-Mail: gcl@raisnerroupinian.com | Attorneys for Plaintiffs<br>JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated |
| Jack A. Raisner (pro hac vice forthcoming)<br>René S. Roupinian (pro hac vice forthcoming)<br>RAISNER ROUPINIAN LLP<br>270 Madison Avenue, Suite 1801<br>New York, New York 10016<br>Telephone: (212) 221-1747<br>Facsimile: (212) 221-1747<br>E-Mail: jar@raisnerroupinian.com<br>E-Mail: rsr@raisnerroupinian.com | Attorneys for Plaintiffs<br>JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated |

☐ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by OVERNIGHT DELIVERY]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by FedEx. Under that practice such the enclosed document(s) will be deposited at a facility or pick-up box regularly maintained by FedEx for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** – I caused the enclosed document(s) to be delivered by messenger by hand to the office(s) of the person(s) whose addressee(s) are listed above. The messenger, employed by [ ] at [ ], is over the age of 18 years and not a party to this action.

☐ **[by ELECTRONIC SERVICE]** - Pursuant to an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on August 19, 2026, at Los Angeles, California.

*/s/ Francine Stinnett*
Francine Stinnett