Nicole N. Golob (SBN 190444)
E-Mail: ngolob@fisherphillips.com
FISHER & PHILLIPS LLP
21600 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

Rassa L. Ahmadi (SBN 287576)
E-Mail: rahmadi@fisherphillips.com
Keith R. Rossman (SBN 318189)
E-Mail: krossman@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
INTREPID STUDIOS, INC., RYAN OGDEN,
AARON BARTELS, THERESA FETTE,
ROBERT D. DAWSON, and TFE GAMES
HOLDINGS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTREPID STUDIOS, INC., STEVEN SHARIF, RYAN OGDEN, AARON BARTELS, THERESA FETTE, ROBERT D. DAWSON and TFE GAMES HOLDING, LLC,<br><br>Defendants. | CASE NO.: 3:26-cv-00728-AGS-JLB<br><br>*US District Judge Andrew G. Schopler*<br>*Judge Magistrate Jill L. Burkhardt*<br><br>**AARON BARTELS'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: February 5, 2026<br>Trial Date: None set |

Defendant AARON BARTELS ("Bartels"), by and through his attorneys of record, answers Plaintiffs Jacob Burdecki's and Zakary Strange's Second Amended Class Action Complaint ("SAC") as follows. Except as expressly admitted, Bartels denies each and every allegation of the SAC asserted against him, including the headings, prayers for relief, and allegations incorporated by reference. Bartels responds only on his own behalf and not on behalf of any other defendant. To the extent the SAC uses the collective term "Defendants," Bartels responds only as to himself and denies that collective allegations are properly pleaded against him.

Hereinafter, the term "Plaintiffs" refers to both named plaintiffs, Jacob Burdecki and Zakary Strange, and to any member of any representative or collective group that they seek to represent, where applicable.

## NATURE OF THE ACTION

1. In response to the allegations of Paragraph 1 of the SAC, Bartels admits that Intrepid is a company in the gaming and entertainment industry based in San Diego, California which was developing the game *Ashes of Creation*. The remaining allegations in Paragraph 1 of the SAC are statements of legal conclusions concerning other defendants and require no response from Bartels. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 1 of the SAC.

2. As currently plead, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the statement that "Plaintiffs and other similarly situated employees" worked for Bartels, and on that basis denies that allegation, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. The remaining allegations in Paragraph 2 of the SAC are statements of legal conclusions and require no response from Bartels. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 2 of the SAC.

3. As currently plead, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the SAC regarding "similarly situated employees," and on that basis denies the allegations, including any legal conclusion

regarding the existence or propriety of a representative or class action in this paragraph. The remaining allegations of Paragraph 3 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 3 of the SAC.

4. As currently plead, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations about "employees were not paid for their final weeks of work," and on that basis denies those allegations, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. The remaining allegations of Paragraph 4 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 4 of the SAC.

5. As currently plead, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations about "employees were not paid their for accrued paid time off (i.e., vacation)," and on that basis denies those allegations, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. The remaining allegations of Paragraph 5 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 5 of the SAC.

6. As currently pled, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations, and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations about "employees," and on that basis denies those allegations, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 6 of the SAC.

/ / /

7. Paragraph 7 of the SAC are statements of legal conclusions against Bartels and other defendants to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 7 of the SAC.

8. Paragraph 8 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 8 of the SAC.

9. Paragraph 9 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 9 of the SAC.

10. Paragraph 10 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 10 of the SAC.

11. Paragraph 11 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 11 of the SAC.

## JURISDICTION AND VENUE

12. Paragraph 12 of the SAC states a legal conclusion regarding jurisdiction, to which no response from Bartels is required. To the extent a response is required, Bartels admits that Plaintiffs purport to invoke jurisdiction under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

13. Paragraph 13 of the SAC states a legal conclusion regarding venue, to which no response from Bartels is required. To the extent a response is required, Bartels does not contest venue in this District for purposes of this Answer, but denies that Plaintiffs are entitled to any relief.

14. Paragraph 14 of the SAC states a legal conclusion regarding jurisdiction, to which no response from Bartels is required. To the extent a response is required, Bartels does not contest jurisdiction in this District, but denies that Plaintiffs are entitled to any relief.

## THE PARTIES

15. As currently plead, Bartels lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the SAC and on that basis denies them. The remaining allegations of Paragraph 15 of the SAC are statements of legal conclusions and/or factual and legal allegations to which no response from Bartels is required. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 15 of the SAC.

16. As currently plead, Bartels lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the SAC and on that basis denies it.

17. Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 17 of the SAC.

18. As currently plead, Bartels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the SAC and on that basis denies it.

19. In response to the allegations of Paragraph 19 of the SAC, these are statements of legal conclusions to which no response is required. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 19 of the SAC.

20. In response to the allegations of Paragraph 20 of the SAC, these are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 20 of the SAC.

21. As currently plead, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the statement that "similarly situated employees were employed by Defendants and worked at or reported and received assignments from the Facility" worked for Intrepid, and on that basis denies that allegation. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. Finally, Bartels denies any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

22. In response to the allegations of Paragraph 22 of the SAC, these are statements of legal conclusions to which no response is required. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 22 of the SAC.

23. In response to the allegations of Paragraph 23 of the SAC, these are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 23 of the SAC.

24. In response to the allegations of Paragraph 24 of the SAC, these are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 24 of the SAC.

25. In response to the allegations of Paragraph 25 of the SAC, these are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 25 of the SAC.

26. In response to allegations of Paragraph 26 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 26 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 26 of the SAC.

27. In response to allegations of Paragraph 27 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 27of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a

/ / /

belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 27 of the SAC.

28. In response to allegations of Paragraph 28 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 28 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 28 of the SAC.

29. In response to allegations of Paragraph 29 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 29 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 29 of the SAC.

30. In response to allegations of Paragraph 30 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 30 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 30 of the SAC.

31. In response to allegations of Paragraph 31 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 31 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a

belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 31 of the SAC.

32. In response to allegations of Paragraph 32 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 32 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 32 of the SAC.

33. In response to allegations of Paragraph 33 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 33 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 33 of the SAC.

34. In response to allegations of Paragraph 34 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 34 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 34 of the SAC.

35. In response to allegations of Paragraph 35 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 35 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a

belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 35 of the SAC.

36. In response to allegations of Paragraph 36 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 36 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 36 of the SAC.

37. Bartels denies the allegations of Paragraph 37 of the SAC.

38. In response to allegations of Paragraph 38 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 38 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 38 of the SAC.

39. In response to allegations of Paragraph 39 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 39 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 39 of the SAC.

40. In response to allegations of Paragraph 40 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 40 of the SAC are statements of legal conclusions to which no response is

required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 40 of the SAC.

41. In response to the allegations of Paragraph 41 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding "a formal corporate board of directors," and on that basis denies those allegations. The remaining allegations of Paragraph 41 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 41 of the SAC.

42. In response to allegations of Paragraph 42 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant and alleged non-party witness, and on that basis denies them. The remaining allegations of Paragraph 42 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 42 of the SAC.

43. In response to the allegations of Paragraph 43 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the so-called "Investor-Owner Defendants," and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. The remaining allegations of Paragraph 43 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 43 of the SAC.

44. In response to the allegations of Paragraph 44 of the Complaint, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the so-called "Investor-Owner Defendants," and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendants and/or non-party witnesses, and on that basis denies them. The remaining allegations of Paragraph 44 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 44 of the SAC.

45. In response to the allegations of Paragraph 45 of the Complaint, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the so-called "Investor-Owner Defendants," and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendants and/or non-party witnesses, and on that basis denies them. The remaining allegations of Paragraph 45 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 45 of the SAC.

46. In response to the allegations of Paragraph 46 of the Complaint, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the so-called "Investor-Owner Defendants," and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendants and/or non-party witnesses, and on that basis denies them. The remaining allegations of Paragraph 46 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or

falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 46 of the SAC.

47. In response to the allegations of Paragraph 47 of the Complaint, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the so-called “Investor-Owner Defendants,” and on that basis denies those allegations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendants and/or non-party witnesses, and on that basis denies them. The remaining allegations of Paragraph 47 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 47 of the SAC.

48. In response to allegations of Paragraph 48 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 48 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 48 of the SAC.

49. In response to allegations of Paragraph 49 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 49 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 49 of the SAC.

50. In response to allegations of Paragraph 50 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they

relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 50 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 50 of the SAC.

51. In response to allegations of Paragraph 51 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 51 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 51 of the SAC.

52. In response to allegations of Paragraph 52 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 52 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 52 of the SAC.

53. In response to allegations of Paragraph 53 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 53 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 53 of the SAC.

54. The allegations of Paragraph 54 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which

Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 54 of the SAC.

55. In response to allegations of Paragraph 55 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 55 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 55 of the SAC.

56. In response to allegations of Paragraph 56 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 56 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 56 of the SAC.

57. In response to allegations of Paragraph 57 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 57 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 57 of the SAC.

58. In response to allegations of Paragraph 58 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they

relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 58 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 58 of the SAC.

59. In response to allegations of Paragraph 59 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 59 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 59 of the SAC.

60. In response to allegations of Paragraph 60 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 60 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 60 of the SAC.

61. In response to allegations of Paragraph 61 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 61 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 61 of the SAC.

62. In response to allegations of Paragraph 62 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they

relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 62 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 62 of the SAC.

63. In response to allegations of Paragraph 63 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 63 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 63 of the SAC.

64. In response to allegations of Paragraph 64 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 64 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 64 of the SAC.

65. In response to allegations of Paragraph 65 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 65 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 65 of the SAC.

66. In response to allegations of Paragraph 66 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they

relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 66 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 66 of the SAC.

67. In response to allegations of Paragraph 67 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 67 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 67 of the SAC.

68. The allegations of Paragraph 68 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 68 of the SAC.

69. The allegations of Paragraph 69 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 69 of the SAC.

70. The allegations of Paragraph 70 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 70 of the SAC.

71. The allegations of Paragraph 71 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 71 of the SAC.

72. The allegations of Paragraph 72 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 72 of the SAC.

73. The allegations of Paragraph 73 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 73 of the SAC.

74. The allegations of Paragraph 74 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 74 of the SAC.

75. The allegations of Paragraph 75 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 75 of the SAC.

76. In response to allegations of Paragraph 76 of the SAC, Bartles lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 76 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 76 of the SAC.

77. In response to the allegations of Paragraph 77 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 77 of the SAC are statements of legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a

representative or class action in this paragraph. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 77 of the SAC.

78. The allegations of Paragraph 78 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 78 of the SAC.

79. The allegations of Paragraph 79 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 79 of the SAC.

80. In response to allegations of Paragraph 80 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 80 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 80 of the SAC.

81. In response to allegations of Paragraph 81 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 81 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 81 of the SAC.

82. In response to allegations of Paragraph 82 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they

relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 82 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 82 of the SAC.

83. The allegations of Paragraph 83 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 83 of the SAC.

84. The allegations of Paragraph 84 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 84 of the SAC.

85. The allegations of Paragraph 85 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 85 of the SAC.

86. The allegations of Paragraph 86 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 86 of the SAC.

87. The allegations of Paragraph 87 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 87 of the SAC.

88. The allegations of Paragraph 88 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each

allegation against it in Paragraph 88 of the SAC.

89. Bartels lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the SAC and on that basis denies them, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

**WARN ACT CLASS ALLEGATIONS UNDER 29 U.S.C. § 2104(a)(5)**

90. The statements of Paragraph 90 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 90 of the SAC.

91. The statements of Paragraph 91 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 91 of the SAC.

92. The statements of Paragraph 92 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 92 of the SAC.

93. In response to allegations of Paragraph 93 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 93 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 93 of the SAC.

94. In response to allegations of Paragraph 94 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations

of Paragraph 94 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 94 of the SAC.

95. The allegations of Paragraph 95 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 95 of the SAC.

96. The allegations of Paragraph 96 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 96 of the SAC.

97. The allegations of Paragraph 97 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 97 of the SAC.

98. The allegations of Paragraph 98 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 98 of the SAC.

99. The allegations of Paragraph 99 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 99 of the SAC.

100. The allegations of Paragraph 100 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 100 of the SAC.

101. The allegations of Paragraph 101 of the SAC state legal conclusions to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 101 of the SAC.

**CALIFORNIA WARN CLASS ALLEGATIONS, CAL. LABOR CODE § 1401**

102. The allegations of Paragraph 102 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 102 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

103. The allegations of Paragraph 103 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 103 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

104. In response to allegations of Paragraph 104 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 104 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 104 of the SAC.

105. In response to allegations of Paragraph 105 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 105 of the SAC are statements of legal conclusions, including subparts (a)

/ / /

through (c), to which no response is required. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 105 of the SAC.

106. The allegations of Paragraph 106 of the SAC are statements of legal conclusions, including subparts (a) through (c) to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 106 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

107. The allegations of Paragraph 107 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 107 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

108. The allegations of Paragraph 108 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 108 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

109. The allegations of Paragraph 109 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 109 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

110. The allegations of Paragraph 110 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 110 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

/ / /

111. The allegations of Paragraph 111 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 111 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

## SUCCESSOR LIABILITY ALLEGATIONS AS TO TFE

112. The allegations of Paragraph 112 of the SAC are statements of legal conclusions to which no response from Bartels is required. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 112 of the SAC.

113. The allegations of Paragraph 113 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 113 of the SAC.

114. The allegations of Paragraph 114 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 114 of the SAC.

115. Paragraph 115 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 115 of the SAC.

116. The allegations of Paragraph 116 of the SAC are statements of legal conclusions to which no response from Bartels is required. Moreover, Bartels lacks

knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 116 of the SAC.

**<u>FIRST CLAIM FOR RELIEF</u>**

**FEDERAL WARN ACT, 29 U.S.C. § 2104 ET SEQ.**

**(*Asserted against Defendants Bartels and TFE only*)**

117. Bartels repeats and re-alleges its responses to all preceding paragraphs as though fully set forth herein.

118. The allegations of Paragraph 118 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 118 of the SAC.

119. The allegations of Paragraph 119 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 119 of the SAC.

120. In response to allegations of Paragraph 120 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 120 of the SAC are statements of legal conclusions to which no response is required. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 120 of the SAC.

121. In response to the allegations of Paragraph 121 of the SAC, Bartels denies that he employed Plaintiffs. The remaining allegations of Paragraph 121 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 121 of the SAC.

122. The allegations of Paragraph 122 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 122 of the SAC.

123. The allegations of Paragraph 123 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 123 of the SAC.

124. The allegations of Paragraph 124 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 124 of the SAC.

125. The allegations of Paragraph 125 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 125 of the SAC.

126. The allegations of Paragraph 126 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 126 of the SAC.

127. The allegations of Paragraph 127 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 127 of the SAC.

128. The allegations of Paragraph 128 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 128 of the SAC.

129. The allegations of Paragraph 129 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 129 of the SAC.

130. The allegations of Paragraph 130 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 130 of the SAC.

131. Paragraph 131 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 131 of the SAC.

132. The allegations of Paragraph 132 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 132 of the SAC.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF CALIFORNIA WARN ACT, CAL. LAB. CODE, § 1401 et seq.**

133. Bartels repeats and re-alleges its responses to all preceding paragraphs as though fully set forth herein.

134. The allegations of Paragraph 134 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 134 of the SAC.

135. The allegations of Paragraph 135 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 135 of the SAC.

136. The allegations of Paragraph 136 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 136 of the SAC.

137. The allegations of Paragraph 137 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 137 of the SAC.

138. The allegations of Paragraph 138 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 138 of the SAC.

139. The allegations of Paragraph 139 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 139 of the SAC.

140. The allegations of Paragraph 140 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 140 of the SAC.

141. Paragraph 141 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as

alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 141 of the SAC.

142. The allegations of Paragraph 142 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 142 of the SAC.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA WAGE LAW, CAL. LAB. CODE, §§ 201, 203, 206, 226, 227.3, 558.1

143. Bartels repeats and re-alleges its responses to all preceding paragraphs as though fully set forth herein.

144. The allegations of Paragraph 144 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 144 of the SAC.

145. The allegations of Paragraph 145 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them.

To the extent a response is required, Bartels denies each allegation against it in Paragraph 145 of the SAC.

146. The allegations of Paragraph 146 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 146 of the SAC.

147. The allegations of Paragraph 147 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 147 of the SAC.

148. The allegations of Paragraph 148 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 148 of the SAC.

149. The allegations of Paragraph 149 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 149 of the SAC.

150. The allegations of Paragraph 150 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 150 of the SAC.

151. The allegations of Paragraph 151 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 151 of the SAC.

152. The allegations of Paragraph 152 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 152 of the SAC.

153. The allegations of Paragraph 153 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 153 of the SAC.

154. The allegations of Paragraph 154 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 154 of the SAC.

155. The allegations of Paragraph 155 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 155 of the SAC.

156. The allegations of Paragraph 156 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 156 of the SAC.

157. The allegations of Paragraph 157 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 157 of the SAC.

158. Paragraph 158 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any

legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 158 of the SAC.

159. The allegations of Paragraph 159 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 159 of the SAC.

## FOURTH CLAIM FOR RELIEF

## OHIO WAGE LAWS: OHIO REVISED CODE § 4113.15

160. Bartels repeats and re-alleges its responses to all preceding paragraphs as though fully set forth herein.

161. The allegations of Paragraph 161 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 161 of the SAC.

162. The allegations of Paragraph 162 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 162 of the SAC.

163. The allegations of Paragraph 163 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 163 of the SAC.

164. The allegations of Paragraph 164 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 164 of the SAC.

165. The allegations of Paragraph 165 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 165 of the SAC.

166. The allegations of Paragraph 166 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 166 of the SAC.

167. Paragraph 167 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any

legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 167 of the SAC.

168. The allegations of Paragraph 168 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 168 of the SAC.

**FIFTH CLAIM FOR RELIEF**

**ERISA BREACH OF FIDUCIARY DUTY (29 U.S.C. § 1104)**

169. The allegations of Paragraph 169 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 169 of the SAC.

170. The allegations of Paragraph 170 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 170 of the SAC.

171. The allegations of Paragraph 171 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion

regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 171 of the SAC.

172. The allegations of Paragraph 172 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 172 of the SAC.

173. The allegations of Paragraph 173 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 173 of the SAC.

174. Paragraph 174 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 174 of the SAC.

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

## FRAUD

175. Paragraph 175 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels denies the allegations in Paragraph 175 of the SAC, including any allegation that Bartels made false representations. The remaining allegations of Paragraph 175 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 175 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

176. Paragraph 176 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels denies the allegations in Paragraph 176 of the SAC, including any allegation that Bartels knowingly made false representations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to whether employees reliance on said representations, as well as whether employees incurred medical expenses that insurance would have covered. The remaining allegations of Paragraph 176 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 176 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

177. Paragraph 177 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels denies the allegations in Paragraph 177 of the SAC, including any allegation that Bartels knowingly made false representations or made such representation with the intent to defraud or deceive employees. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to whether any such alleged representation induced employees to continue

working for Intrepid or were exposed to personal liability for medical bills they incurred. The remaining allegations of Paragraph 177 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 177 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

178. Paragraph 178 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels denies the allegations in Paragraph 178 of the SAC, including any allegation that Bartels knowingly made false representations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding employee reliance and that such reliance caused employees to seek medical care that was not covered by the company-provided insurance but should have been. The remaining allegations of Paragraph 178 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 178 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

179. In response to allegations of Paragraph 179 of the SAC, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to another named defendant, and on that basis denies them. The remaining allegations of Paragraph 179 of the SAC are statements of legal conclusions to which no response is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each remaining allegation against it in Paragraph 179 of the SAC.

180. In response to allegations of Paragraph 180 of the SAC, Bartels denies the allegations in Paragraph 180 of the SAC, including any allegation that he made false representations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the

truth or falsity of the allegations regarding whether employees incurred substantial medical expenses as a result of any action taken by Bartels. The remaining allegations of Paragraph 180 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 180 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

181. Paragraph 181 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels deny the allegations in Paragraph 181 of the SAC, including any allegation that Bartels made false representations, acted with oppression, fraud, or malice, or that Plaintiffs or any other individuals are entitled to actual or punitive damages. The remaining allegations of Paragraph 181 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 181 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

182. In response to allegations of Paragraph 182 of the SAC, Bartels denies the allegations in Paragraph 182 of the SAC, including any allegation that he made false representations. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the allegation that any alleged false representation was made through Intrepid. The remaining allegations of Paragraph 182 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartles lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 182 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

/ / /

183. The allegations of Paragraph 183 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 183 of the SAC.

## SEVENTH CLAIM FOR RELIEF

## CONVERSION

184. The allegations of Paragraph 184 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them. To the extent a response is required, Bartels denies each allegation against it in Paragraph 184 of the SAC.

185. Paragraph 185 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels denies the allegations in Paragraph 185 of the SAC, including any allegation that he withheld amounts from Intrepid's employees' paychecks. The remaining allegations of Paragraph 185 of the SAC are statements of legal conclusions to which no response from Bartels is required and factual contentions to which Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the contention. To the extent a response is required, Bartels denies each allegation against it in Paragraph 185 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

186. The allegations of Paragraph 186 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as they relate to any other named defendant, and on that basis denies them.

To the extent a response is required, Bartels denies each allegation against it in Paragraph 186 of the SAC.

187. Paragraph 187 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 187 of the SAC.

188. Paragraph 188 of the SAC contains legal conclusions to which no response is required. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding whether employees incurred medical expenses arising from any alleged lapse in Intrepid's health insurance coverage on the part of Bartels and whether such amounts surpass the value of the allegedly converted withholding amounts. The remaining allegations of Paragraph 188 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 188 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

189. Paragraph 189 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, fees, or costs. To the extent a response is required, Bartels denies each allegation against it in Paragraph 189 of the SAC.

190. Paragraph 190 of the SAC contains legal conclusions to which no response is required. To the extent a response is required, Bartels deny the allegations in Paragraph

190 of the SAC, including any allegation that Bartels acted with oppression, fraud, or malice, or that Plaintiffs or any other individuals are entitled to actual or punitive damages. The remaining allegations of Paragraph 190 of the SAC are statements of legal conclusions and/or factual or legal allegations against other defendants to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 190 of the SAC.

191. Paragraph 191 of the SAC contains a request for relief, which constitutes a legal conclusion and demand for remedies to which no response is required, including any legal conclusion regarding the existence or propriety of a representative or class action as alleged in this paragraph. To the extent a response is deemed necessary, Bartels denies that Plaintiffs are entitled to any relief whatsoever and denies that Bartels is liable for any damages, including treble damages under Cal. Pen. Code §496. To the extent a response is required, Bartels denies each allegation against it in Paragraph 191 of the SAC.

192. Paragraph 192 of the SAC contains legal conclusions to which no response is required. Moreover, Bartels lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the allegation that any alleged conversion was made through Intrepid. The remaining allegations of Paragraph 192 of the SAC are statements of legal conclusions to which no response from Bartels is required. To the extent a response is required, Bartels denies each allegation against it in Paragraph 192 of the SAC, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph.

193. The allegations of Paragraph 193 of the SAC are statements of legal conclusions to which no response from Bartels is required, including any legal conclusion regarding the existence or propriety of a representative or class action in this paragraph. To the extent a response is required, Bartels denies each allegation against it in Paragraph 193 of the SAC.

/ / /

/ / /

## RESPONSE TO PRAYER FOR RELIEF

Bartels denies that Plaintiffs or any putative class, subclass, or representative group are entitled to any relief requested in Paragraphs A through L of the Prayer for Relief, or to any relief whatsoever. Bartels further denies that Plaintiffs are entitled to certification of any class or subclass, designation as class representatives, appointment of class counsel, damages, penalties, back pay, wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension or 401(k) contributions, ERISA benefits, injunctive relief, interest, attorneys' fees, costs, or any other relief sought. As such, Bartels requests that the Court enter judgment in its favor, dismiss Plaintiffs' Complaint with prejudice, and award Bartels its attorneys' fees and costs.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden he would not otherwise bear, and while expressly reserving the right to amend this Answer and assert additional defenses as discovery proceeds, Bartels asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Arbitration Agreement)**

Plaintiffs', and the putative class members', claims are subject to binding, contractual arbitration agreements governed by the Federal Arbitration Act (FAA) and containing a class and collective action waiver. Bartels expressly reserves the right to move to compel the SAC, or the claims the Plaintiffs assert in the SAC, to binding arbitration pursuant to the arbitration agreements executed by Plaintiffs. Accordingly, Bartels's right to compel arbitration is hereby reserved.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The proposed classes and subclasses cannot satisfy Federal Rule of Civil Procedure 23, including ascertainability, numerosity as defined, commonality, typicality, adequacy, predominance, and superiority. Individualized issues concerning work location, employment status, notice, causation, benefits, deductions, reliance, injury, damages, defenses, and choice of law predominate.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Claims or portions of claims are barred by the applicable statutes of limitation, administrative deadlines, and claim accrual rules.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Employer-Employee Relationship)**

At all relevant times, Bartels was not Plaintiffs', or any of the putative class members', employer, joint employer, or co-employer, and did not directly or indirectly employ Plaintiffs or any putative class member. Bartels did not hire them, fire them, supervise their day-to-day work, set their schedules, determine their wages, maintain their personnel records, administer their benefits, or otherwise exercise the type of control necessary to create an employer-employee relationship under any applicable federal or state law. Accordingly, Plaintiffs' claims, and each purported class claim, are barred to the extent they depend on the existence of an employer-employee relationship between Bartels and Plaintiffs or any putative class member.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Joint Employer Relationship)**

Plaintiff's and the putative class members' claim is barred as against Bartels because Bartels was not Plaintiff's or any of the putative class members' employer, or joint employer, and therefore cannot be held responsible or liable for the claims asserted.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Alter Ego)**

Bartels is not the alter ego of any other entity alleged in the FAC because Bartels had no unity of interest and ownership with any other entity alleged in the FAC and no inequitable result will occur by treating the acts in question as those of each corporation alone.

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(Not Responsible for Acts of Doe Defendants)**

The acts and/or omissions of the unnamed "Doe" Defendants of which Plaintiff complains were all undertaken outside the scope of such "Doe" Defendant's agency and/or employment with Bartels, if any employment existed at all (which Bartels denies), and were undertaken without the knowledge or consent of Bartels, and Bartels may not be held liable for such acts and/or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of waiver because Plaintiffs and the putative class members', by their words, conduct, omissions, course of dealing, acceptance of benefits, delay, or other voluntary acts, knowingly and intentionally relinquished, abandoned, or failed to timely assert rights now claimed in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of estoppel because Plaintiffs and the putative class members', by their statements, conduct, omissions, course of dealing, or acquiescence, induced Bartels and/or others reasonably to believe certain facts, positions, or obligations existed or did not exist, and Bartels and/or others relied on those acts or omissions to their detriment. Plaintiffs and the putative class members are therefore estopped from asserting claims or positions inconsistent with their prior conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of consent because the acts, omissions, practices, procedures, transactions, arrangements, or conditions challenged in the Complaint were authorized, agreed to,

accepted, permitted, or consented to by Plaintiffs and the putative class members', whether expressly, impliedly, by written agreement, by course of conduct, or by continued participation with knowledge of the relevant facts.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of ratification because, after learning of the acts, omissions, practices, procedures, transactions, or conditions now challenged, Plaintiffs and the putative class members' accepted, approved, affirmed, acquiesced in, or retained the benefits of such conduct, thereby ratifying the same and precluding any contrary claim.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' and the putative class members' claims for equitable, restitutionary, representative, injunctive, or other discretionary relief are barred, in whole or in part, by the doctrine of laches because Plaintiffs and the putative class members' unreasonably delayed in asserting their alleged rights, and that delay materially prejudiced Bartels and/or others in the investigation, defense, preservation of evidence, allocation of resources, or ability to respond to the claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Class Action Requirements)**

The proposed classes and subclasses cannot satisfy Federal Rule of Civil Procedure 23, including ascertainability, numerosity as defined, commonality, typicality, adequacy, predominance, and superiority. Individualized issues concerning work location, employment status, notice, causation, benefits, deductions, reliance, injury, damages, defenses, and choice of law predominate.

/ / /

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Commonality)**

The claims alleged by the named Plaintiffs are neither common nor typical of those, if any, of the alleged class which Plaintiff purports to represent and the existence of which is expressly denied.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Adequacy)**

Certain interests of the class purported by the named Plaintiff conflict with the interests of all or certain sub-groups of the members of the alleged class of persons, which the named Plaintiff purports to represent, the existence of which is expressly denied.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Individualized Questions Predominate)**

The allegations set forth by the named Plaintiffs on behalf of herself and the putative class involve matters for which individual questions predominate, and therefore, are not appropriate claims for class or representative treatment pursuant to applicable current legal standards.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust or Satisfy Conditions Precedent)**

Claims or remedies are barred or limited to the extent Plaintiffs failed to exhaust required administrative or plan remedies, comply with claims procedures, provide required notice, or satisfy other statutory or contractual conditions precedent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Federal WARN Act Coverage and Thresholds)**

Plaintiffs and the putative class members cannot establish one or more elements of federal WARN coverage, including a covered employer, single site of employment, qualifying plant closing or mass layoff, sufficient number or percentage of covered employment losses, affected-employee status, or entitlement to the claimed period of damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Federal WARN Statutory Exceptions)**

Any federal WARN notice period was excused or reduced, in whole or in part, because of one or more statutory exceptions or defenses, including unforeseeable business circumstances and, to the extent supported by the evidence, the faltering-company exception. Intrepid provided as much notice as was practicable under the circumstances.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Federal WARN Good-Faith Reduction)**

Any federal WARN liability should be reduced under 29 U.S.C. section 2104(a)(4) because Intrepid acted in good faith and had reasonable grounds for believing that its conduct complied with the statute.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Federal WARN Damages Limitations, Credits, and Offsets)**

Any federal WARN recovery is limited by the statute and must be reduced by wages, benefits, payments, severance, or other amounts paid or payable during the alleged violation period, and by any other statutory credit, offset, or limitation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(California WARN Coverage and Exceptions)**

Plaintiffs and the putative class members cannot establish one or more elements of California WARN liability, including a covered establishment, covered employer, qualifying mass layoff, relocation, or termination, employee eligibility, required notice recipients, causation, or recoverable violation period. Any statutory exemption, exception, reduction, credit, or limitation applies to the fullest extent permitted by law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Individual Liability Under California WARN)**

Plaintiffs' and the putative class members' California WARN Act claim is barred, in whole or in part, as against Bartels because the California WARN Act imposes liability only on an "employer," defined as a person or entity that directly or indirectly owns and

operates a covered establishment. Bartels was not Plaintiffs', or any of the putative class members', employer within the meaning of Labor Code section 1400, did not directly or indirectly operate the covered establishment as alleged, and cannot be held individually liable under the California WARN Act merely by virtue of investor status, lender status, ownership interest, or alleged involvement in corporate affairs.

**<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

**(No Responsibility for Payment of Wages)**

Plaintiffs' and the putative class members' wage-based claims are barred, in whole or in part, as against Bartels because Bartels was not Plaintiffs, or any of the putative class members', employer, the person or entity responsible for calculating, funding, issuing, or paying Plaintiffs' wages, final wages, paid time off, wage statements, or other compensation, and did not personally owe, hold, control, or disburse any wages allegedly due to Plaintiffs or any putative class member. Accordingly, Bartels cannot be held liable on any theory that depends on a duty or obligation to pay Plaintiffs' and the putative class members' wages or other compensation.

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Establish Violation of Labor Code Section 201)**

Plaintiffs' and the putative class members' claims under Labor Code section 201 are barred, in whole or in part, because all wages that were earned, vested, and due and payable upon discharge were either timely paid, not owed in the amounts alleged, not yet earned or vested, or were subject to a good-faith dispute as to their existence, amount, characterization, or timing. To the extent Plaintiffs and the putative class members' seek to impose section 201 liability on Bartels, the claim further fails because Bartels was not Plaintiffs, or any of the putative class members', employer, did not discharge Plaintiffs, or any of the putative class members, and was not the person or entity responsible for calculating, funding, issuing, or paying final wages.

/ / /

/ / /

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Good-Faith Dispute / No Willful Nonpayment Under Labor Code Section 203)**

Plaintiffs' and the putative class members' claims for waiting time penalties under Labor Code section 203 are barred because any alleged failure to pay wages was not willful. At all relevant times, Bartels, to the extent he was responsible for payment of Plaintiffs' wages (which Bartels denies), reasonably and in good faith disputed whether any additional wages, premium pay, vacation pay, or other amounts were due, and any nonpayment or delay resulted from a bona fide dispute concerning legal entitlement, amount, status, timing, calculation, or responsibility for payment. Accordingly, waiting time penalties are unavailable as a matter of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Failure to Pay Undisputed Wages Under Labor Code Section 206)**

Plaintiffs' and the putative class members' claims under Labor Code section 206 are barred because Bartels, to the extent he was responsible for payment of Plaintiffs' wages (which Bartels denies), did not withhold any wages that were undisputedly due and payable. To the extent any amounts were not paid at the times alleged, those amounts were subject to a bona fide dispute as to whether they constituted wages, whether they had been earned, whether they were vested, whether they were recoverable under the governing statutes or policies, or whether they were owed. Section 206 does not require payment of genuinely disputed amounts, and Bartels cannot be held liable for any sums he did not personally owe or control.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Unlawful Collection or Receipt of Wages Previously Paid Under Labor Code Section 221)**

Plaintiffs' and the putative class members' claims under Labor Code section 221 are barred because Bartels, to the extent he was responsible for payment of Plaintiffs' wages (which Bartels denies), did not unlawfully collect or receive from Plaintiffs any part of wages theretofore paid. Any deductions, withholdings, allocations, benefit-related

contributions, reconciliations, or adjustments were lawful, authorized, required by statute, permitted by written agreement, outside the scope of section 221, or did not involve wages previously paid within the meaning of the statute. To the extent Plaintiffs and the putative class members challenge sums that were not earned wages, not previously paid wages, or were contingent, advance, or nonvested compensation, section 221 does not apply.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Knowing and Intentional Wage Statement Violation /**
**No Injury Under Labor Code Section 226)**

Plaintiffs' and the putative class members' claims under Labor Code section 226 are barred, in whole or in part, because Bartels, to the extent he was responsible for issuing Plaintiffs' wage statements (which Bartels denies), did not knowingly and intentionally fail to provide compliant wage statements. Any alleged omission, inaccuracy, or incompleteness was isolated, inadvertent, clerical, based on a reasonable and good-faith belief in compliance, or otherwise insufficient to support statutory penalties. Further, Plaintiffs and the putative class members did not suffer the type of injury required by section 226 because they could promptly and easily determine the information required by statute from the wage statements and related records. To the extent Plaintiffs and the putative class members seek to impose liability on Bartels individually, the claim fails because Bartels was not Plaintiffs, or any of the putative class members', employer, did not prepare, issue, control, or furnish Plaintiffs' and the putative class members' wage statements and did not knowingly and intentionally participate in any section 226 violation.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Unpaid Vested Vacation Under Labor Code Section 227.3)**

Plaintiffs' and the putative class members' claims under Labor Code section 227.3 are barred, in whole or in part, because Plaintiffs and the putative class members did not have unpaid vested vacation time as alleged at the time of separation. Any claimed vacation or paid time off was limited by lawful accrual formulas, eligibility requirements, caps on future accrual, usage records, policy terms, and offsets for previously paid or used time.

Plaintiffs and the putative class members may not recover for unearned, unvested, forfeitable, nonvacation, or otherwise noncompensable leave. To the extent Plaintiffs and the putative class members seek to impose section 227.3 liability on Bartels, the claim further fails because Bartels was not Plaintiffs, or any of the putative class members', employer and therefore not responsible for maintaining leave records or paying out any vested vacation balances.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Labor Code Section 558.1 Inapplicable / No Personal Involvement / No Predicate Violation)**

Plaintiffs' and the putative class members' claims under Labor Code section 558.1 are barred because section 558.1 does not create liability absent an underlying violation of one of the statutes or wage orders it reaches, and Plaintiffs and the putative class members cannot establish any such predicate violation as against Bartels. Plaintiffs and the putative class members further cannot establish that Bartels was an owner, director, officer, or managing agent who personally violated or caused a violation of the specific wage provisions at issue, exercised the requisite level of control, or knowingly and intentionally participated in the conduct required for personal liability. To the extent Plaintiffs and the putative class members seek to expand section 558.1 beyond its statutory terms, the claim is barred.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Ohio Law Does Not Apply Extraterritorially)**

Ohio Revised Code section 4113.15 does not apply to conduct, employees, or compensation outside its territorial scope. Any Ohio claim is further limited by applicable wage agreements, policies, statutory definitions, good-faith disputes, and proof of willfulness.

/ / /

/ / /

/ / /

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(ERISA Standing and Cause of Action)**

Plaintiffs lack statutory and Article III standing for some or all ERISA relief and fail to plead a cognizable claim under the remedial provision invoked. They cannot recover individualized compensatory or punitive damages under 29 U.S.C. section 1132(a)(2), and any recovery must run to the plan and comply with ERISA's remedial limits.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No ERISA Fiduciary Status or Breach)**

Bartels was not Plaintiffs, or any of the putative class members', employer, did not act as an ERISA fiduciary with respect to the challenged conduct, did not exercise discretionary authority or control in the manner alleged, did not misuse plan assets, and did not breach any fiduciary duty. Any challenged conduct was settlor, ministerial, corporate, or otherwise nonfiduciary.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(ERISA Preemption)**

The state law claims concerning administration of, representations about, deductions for, or benefits under an employee welfare benefit plan are preempted, displaced, or otherwise limited by ERISA to the extent they duplicate, supplement, or supplant ERISA's civil enforcement scheme. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Causation Between Alleged Fiduciary Breach and Claimed Injury)**

Any alleged injury was caused by independent third parties, intervening events, coverage decisions by others, medical-provider actions, plan terms, business collapse, or other superseding causes.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Fraud with Particularity)**

The fraud claim fails under Federal Rule of Civil Procedure 9(b) because the SAC does not plead with particularity the speaker, time, place, content, manner, falsity,

knowledge, intent, reliance, or resulting injury for each alleged misrepresentation as to Bartels.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Actionable Misrepresentation, Reliance, or Causation)**

Bartels made no actionable false representation or concealment with knowledge of falsity or intent to induce reliance. Plaintiffs and the putative class members did not actually and reasonably rely on any actionable statement by Bartels, and any claimed injury was not proximately caused by Bartels.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Economic Loss, Duplicative Claim, and Election of Remedies Limitations)**

The tort claims are barred or limited because they duplicate contractual, statutory, wage, or ERISA duties and seek the same economic loss. Plaintiffs and the putative class members may not obtain inconsistent or duplicative recovery under fraud, conversion, wage, WARN, and ERISA theories.

**FORTIETH AFFIRMATIVE DEFENSE**

**(No Conversion)**

Plaintiffs and the putative class members cannot identify a specific, segregated, and immediately possessable sum wrongfully held by Bartels. Any payroll deduction was authorized, governed by benefit arrangements, and not subject to a conversion claim. The conversion claim is also barred or limited where it merely restates other statutory or contractual claims.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(No Wrongful Dominion or Disposition)**

Bartels never exercised dominion over the property in a manner inconsistent with Plaintiffs', or any of the putative class members', rights.

/ / /

/ / /

/ / /

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Any recovery is barred or reduced to the extent Plaintiffs and the putative class members failed to take reasonable steps to mitigate or avoid claimed loss, including seeking replacement employment, replacement coverage, available administrative remedies, reimbursements, appeals, or other benefits.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Payment)**

Plaintiffs' and the putative class members’ claims are barred, in whole or in part, by the doctrine of payment because some or all of the amounts Plaintiffs and the putative class members seek have already been paid, satisfied, reimbursed, credited, advanced, offset, replaced, or otherwise discharged, whether directly or indirectly, by wages, benefits, severance, insurance proceeds, reimbursements, settlements, credits, or other compensation.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Setoff)**

Plaintiffs' and the putative class members’ claims are barred, reduced, or offset, in whole or in part, by the doctrine of setoff because any recovery, if any, must be reduced by amounts Plaintiffs and the putative class members owe, amounts previously received, duplicative components of damage, overlapping statutory remedies, or other sums that in equity and good conscience should be applied against any judgment.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Recoupment)**

Plaintiffs' and the putative class members’ claims are barred, reduced, or limited, in whole or in part, by the doctrine of recoupment because any alleged damages must be diminished by matters arising out of the same transactions, occurrences, compensation arrangements, or alleged obligations on which Plaintiffs and the putative class members base their claims.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Avoidance of Double Recovery)**

Plaintiffs and the putative class members are not entitled to any duplicative, overlapping, or inconsistent recovery, and any award must be reduced to avoid double recovery. Plaintiffs and the putative class members may not recover more than once for the same alleged injury, loss, wage component, benefit component, deduction, expense, or consequential harm under overlapping theories including contract, wage statutes, WARN, ERISA, fraud, conversion, penalties, restitution, or any other remedy.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Civil Penalty or Treble-Damages Predicate)**

Plaintiffs and the putative class members cannot establish the elements necessary for relief under California Penal Code section 496 or any other treble-damages provision. The alleged conduct does not constitute receipt of stolen property within the meaning of the statute, and duplicative penalties would be impermissible.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Basis for Punitive Damages)**

Plaintiffs and the putative class members cannot establish oppression, fraud, or malice by clear and convincing evidence, authorization or ratification by an officer, director, or managing agent as required by law, or constitutionally permissible punitive damages. Any punitive award would be subject to statutory and constitutional limitations.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Superseding and Intervening Causes)**

Any alleged loss was caused or contributed to by superseding or intervening acts or omissions of third parties, financial institutions, insurers, benefit administrators, medical providers, other defendants, or events outside Bartels's control.

/ / /

/ / /

/ / /

**FIFTIETH AFFIRMATIVE DEFENSE**

**(Apportionment and Several Liability)**

Any liability must be apportioned according to fault, causation, statutory responsibility, and the acts of other persons or entities. Bartels is not jointly liable for conduct attributable solely to others except to the extent expressly required by law.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(Equitable Indemnity and Contribution)**

If Plaintiffs and the putative class members sustained any loss, injury, or damage, which Bartels denies, such loss, injury, or damage was caused in whole or in part by the acts, omissions, fault, or legal responsibility of other persons or entities, whether or not presently named in this action. Accordingly, any recovery against Bartels must be reduced, offset, barred, or shifted to the extent of those persons' or entities' comparative fault or primary responsibility, and Bartels is entitled to equitable indemnity, contribution, allocation, and/or apportionment from any such responsible persons or entities to the fullest extent permitted by law.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(Constitutional and Due Process Limitations)**

Plaintiffs and the putative class members are not entitled to recover any attorneys' fee awards from Bartels on the grounds that any award of attorneys' fees would violate Bartels's constitutional rights under the Right to Petition of the First and Fourteenth Amendments of the United States Constitution. Any statutory penalties, treble damages, punitive damages, aggregated class recovery, or other exemplary relief must comply with due process, proportionality, notice, and all other constitutional limitations.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(No Injunctive or Equitable Relief)**

Plaintiffs' and the putative class members' request for injunctive or restitution relief against Bartels is barred by the fact that Plaintiffs and the putative class members have an

/ / /

adequate remedy at law in that Plaintiffs and the putative class members also request monetary damages, interest, and an award of attorneys' fees and costs.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Plaintiff's and the putative class members' damages, if any, were proximately caused by the negligent, reckless and/or intentional acts of third parties as to whom Bartels had neither the right, nor the duty, nor the opportunity to exercise control and who acted without the knowledge, participation, approval or ratification of Bartels.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

**(California Wage Statutes Do Not Apply Extraterritorially)**

Plaintiffs' and the putative class members' California Labor Code claims are barred, in whole or in part, to the extent they are based on work performed outside California, compensation allegedly earned outside California, pay periods not principally connected to California, or employees whose principal place of work or base of work operations was not in California. California law does not apply extraterritorially merely because an employer, investor, or related party has some alleged connection to California. Accordingly, Plaintiffs and the putative class members cannot recover under California wage statutes for conduct or compensation beyond California's lawful territorial reach.

**RESERVATION OF ADDITIONAL DEFENSES**

Bartels reserves the right to amend this Answer to assert additional defenses, counterclaims, offsets, or other matters supported by facts or law, subject to the Federal Rules of Civil Procedure and orders of the Court.

**PRAYER**

WHEREFORE, Bartels respectfully requests that the Court enter judgment as follows:

1. That Plaintiffs take nothing by way of the SAC;
2. That the SAC be dismissed with prejudice;

/ / /

3. That judgment be entered in favor of Bartels and against Plaintiffs on all causes of action;

4. That Plaintiffs be denied all requested relief, including class, collective, and representative relief;

5. That Bartels recover his costs of suit, attorneys' fees to the extent permitted by law; and

6. That the Court award such other and further relief as it deems just and proper.

Dated: August 19, 2026 FISHER & PHILLIPS LLP

By: */s/ Keith Rossman*
Nicole N. Golob
Rassa L. Ahmadi
Keith R. Rossman
Attorneys for Defendants
INTREPID STUDIOS, INC., RYAN OGDEN, AARON BARTELS, THERESA FETTE, ROBERT D. DAWSON, and TFE GAMES HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On August 19, 2026, I served the following document entitled **AARON BARTELS'S ANSWER TO PLAINTIFFS SECOND AMENDED CLASS ACTION COMPLAINT** on all the appearing and/or interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by OVERNIGHT DELIVERY]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by FedEx. Under that practice such the enclosed document(s) will be deposited at a facility or pick-up box regularly maintained by FedEx for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** – I caused the enclosed document(s) to be delivered by messenger by hand to the office(s) of the person(s) whose addressee(s) are listed above. The messenger, employed by [ ] at [ ], is over the age of 18 years and not a party to this action.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on August 19, 2026, at Los Angeles, California.

*/s/ Francine Stinnett*
Francine Stinnett

**SERVICE LIST**

| | |
|---|---|
| Gail C. Lin<br>RAISNER ROUPINIAN LLP<br>2945 Townsgate Road, Suite 200<br>Westlake Village, California 91361<br>Telephone: (212) 221-1747<br>Facsimile: (212) 221-1747 | Attorneys for Plaintiffs<br>JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated<br><br>E-Mail: gcl@raisnerroupinian.com |
| Jack A. Raisner (pro hac vice forthcoming)<br>René S. Roupinian (pro hac vice forthcoming)<br>RAISNER ROUPINIAN LLP<br>270 Madison Avenue, Suite 1801<br>New York, New York 10016<br>Telephone: (212) 221-1747<br>Facsimile: (212) 221-1747 | Attorneys for Plaintiffs<br>JACOB BURDECKI and ZAKARY STRANGE, on behalf of themselves and all others similarly situated<br><br>E-Mail: jar@raisnerroupinian.com<br>E-Mail: rsr@raisnerroupinian.com |
| Peter B. Maretz<br>JACKSON LEWIS<br>225 Broadway, Suite 1800<br>San Diego, California 92101<br>Telephone: (619) 573-4900 | Attorney for Defendant<br>STEVEN SHARIF<br><br>E-Mail: peter.maretz@jacksonlewis.com |